**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clifford Johnson, Appellant.

Appellate Case No. 2009-116926

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-457
Submitted July 2, 2012 – Filed July 25, 2012

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.

**PER CURIAM:** Clifford Johnson appeals his conviction for distribution of crack cocaine, arguing (1) the trial court erred in finding the chain of custody was sufficient to admit the crack cocaine and (2) the trial court's error was not harmless. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding the chain of custody was sufficient to admit the crack cocaine: *State v. Taylor*, 360 S.C. 18, 23, 598 S.E.2d 735, 737 (Ct. App. 2004) ("The admission of evidence is addressed to the sound discretion of the trial [court]. On appeal, the question presented is whether the trial court's decision is controlled by an error of law or is without evidentiary support."); *State v. Hatcher*, 392 S.C. 86, 93, 708 S.E.2d 750, 753-54 (2011) ("[W]here all individuals in the chain are, in fact, identified and the manner of handling is reasonably demonstrated, it is not an abuse of discretion for the trial [court] to admit the evidence in the absence of proof of tampering, bad faith, or ill-motive.").

2. As to Johnson's argument concerning harmless error: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.